# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

**UNITED STATES OF AMERICA**                                                  **PLAINTIFF**

v.                      **CASE NO. 4:08-CR-00213 BSM**

**GEFFREY ALAN YIELDING**                                            **DEFENDANT**

## ORDER

Before the court are defendant's motion for bill of particulars, defendant's motion to produce psychiatric evaluation of any government witness, defendant's motion for disclosure, and the government's motion to strike.

## I. DEFENDANT'S MOTION FOR BILL OF PARTICULARS

In his motion for bill of particulars pursuant to Federal Rule of Criminal Procedure 7(f), defendant requests that the court order the government to disclose the persons "known" to the grand jury that the defendant allegedly knowingly and willfully aided and abetted as to counts 1 through 18 of the Indictment. Defendant also requests that the court order the government to disclose the names of the individuals "known" to the grand jury and the names of the "others" that caused the checks to be mailed to complete the mail fraud scheme as to counts 19 through 45 of the Indictment, and the name of the "individual known to the grand jury" as to count 46 of the Indictment. Defendant asserts that such information will assist him in clarifying the government's allegations and in preparing a defense for trial.

As noted by the government, on November 5, 2008, the Grand Jury returned a Superseding Indictment in this case alleging the same substantive charges that were alleged in the Indictment. Thus, the government responds to the substance of the motion, as the same phrases are contained in the Superseding Indictment.

The government asserts that the Superseding Indictment is sufficient on its face because it contains the elements of the offense charged, fairly informs the defendant of the charge against which he must defend, and enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense. The government states that the motion seeks only additional information regarding others who may have been involved in the alleged criminal conduct, which is not the proper function of a bill of particulars. *See Hemphill v. United States*, 392 F.2d 45, 49 (8th Cir. 1968) ("Acquisition of evidentiary detail is not the function of the bill of particulars."). The government also states that discovery has been provided, and it is complying with its obligations under Federal Rule of Criminal Procedure 16(c) to promptly disclose any additional materials located prior to trial. Additionally, the government states that it will comply with its obligations under *Brady* and *Giglio*, and will provide witness statements as defined in the Jencks Act one week prior to trial.

Defendant is currently charged in a forty-six count Superseding Indictment. Counts 1 through 18 allege that defendant and "others known to the Grand Jury, aiding and abetting one another, knowingly and willfully paid Jody Wall" the listed checks from

defendant's wife's distributorship, ANI, "portions of which were for the purpose of inducing Wall to order and purchase allograft bone from Osteotech, a good for which payment may be made in whole or in part under a Federal health care program," in violation of 42 U.S.C. § 1320a-7b(b)(2) and 18 U.S.C. § 2.  Counts 19 through 45 allege that defendant and "others known to the Grand Jury, aiding and abetting one another, devised and attempted to devise a scheme and artiface to defraud Baptist NLR in that YIELDING provided payments to Wall in exchange for Wall causing Baptist NLR to purchase Bone Growth Stimulators from Orthofix for which YIELDING's wife would receive a commission," and that in executing such scheme, defendant and "others" caused certain checks to be mailed via the United States Postal Service from Baptist, NLR to Orthofix in Texas, in violation of 18 U.S.C. §§ 1341 and 2.  The Superseding Indictment details the check numbers, check dates, and the amount of each check for Counts 1 through 45.  Count 46 alleges that in December 2004, defendant and "others known to the Grand Jury, aiding and abetting one another, knowingly falsified a document in relation to the contemplation of a matter within the jurisdiction of a department or agency of the United States with the intent to impede or obstruct the proper administration of that matter in that they created a fraudulent promissory note with the intent to disguise the checks listed in Counts One through Eighteen above as 'loans,'" in violation of 18 U.S.C. §§ 1519 and 2.

"The purpose of a bill of particulars is to inform the defendant of the nature of the charges against him, and to prevent or minimize the element of surprise at trial." *United States v. Arenal*, 768 F.2d 263, 268-69 (8th Cir. 1985) (quoting *United States v. Miller,* 543 F.2d 1221, 1224 (8th Cir. 1976)). "The granting or denying of a bill of particulars lies within the broad discretion of the trial court." *Id*. A bill of particulars is not a proper tool for discovery. *United States v. Hester*, 917 F.2d 1083, 1084 (8th Cir. 1990); *but see United States v. Barrentine,* 591 F.2d 1069, 1077 (5th Cir. 1979) ("A bill of particulars is a proper procedure for discovering the names of unindicted coconspirators who the government plans to use as witnesses.").

Defendant's motion is granted in part and denied in part. The government is directed to identify all aiders and abetters, but only to the extent that any persons have made statements that the government may seek to introduce pursuant to Fed. R. Evid. 801(d)(2)(E). *See United States v. Jewell*, Case No. 4:07CR00103-01 JLH, 2008 WL 400938, *3 (E.D. Ark. February 8, 2008) (requiring the government to identify all aiders and abetters, but only to the extent that any persons have made statements that the government may seek to introduce pursuant to Fed. R. Evid. 801(d)(2)(E)). *See also United States v. Rogers*, 617 F. Supp. 1024, 1028-29 (D.C. Colo. 1985) ("It is well-settled that the government must identify undisclosed and unidentified co-conspirators, aiders and abettors, and other individuals involved in the criminal acts charged; especially where the government plans to call such persons as witnesses.") (criticized in *United States v.*

*Reinhold*, 994 F. Supp. 194, 200-01 (S.D.N.Y. 1998)); *United States v. Amawi*, 531 F. Supp. 2d 823, 825 (N.D. Ohio 2008) (requiring the government to disclose the identities of unindicted co-conspirators and contact information at the time it discloses its trial witnesses).

## II.  DEFENDANT'S MOTION TO PRODUCE PSYCHIATRIC EVALUATION

Defendant moves this court to order the government to produce psychiatric evaluation tests or reports of any government witness with a history of mental treatment, disorder, or disease.  In response, the government states that it has mental health records for one witness who is expected to testify in the trial of this matter.  The government acknowledges that the witness's mental health records relate to treatment during a period that is near in time to the period about which the witness is expected to testify.  The government asserts, however, that the records do not contain any information that would suggest that the witness's treatment reflects an impairment of the witness's ability to comprehend, know, and correctly state the truth regarding the facts material to this trial. The government proposes to make the records available to the court for *in camera* review regarding whether the records contain any exculpatory material and/or any material that could appropriately be used to cross-examine the witness regarding his ability to comprehend, know, and testify to the truth.

"The Supreme Court has emphasized that 'the Confrontation Clause guarantees an *opportunity* for effective cross-examination, not cross-examination that is effective in

whatever way, and to whatever extent, the defense might wish.'" *Newton v. Kemna*, 354 F.3d 776, 781 (8th Cir. 2004) (quoting *Delaware v. Fensterer,* 474 U.S. 15, 20, 106 S.Ct. 292, 88 L.Ed.2d 15 (1985)). "Thus, 'trial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant.'" *Id*. (quoting *Delaware v. Van Arsdall,* 475 U.S. 673, 679, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986)).

"[A] defendant has the right to attempt to challenge a witness's credibility with competent or relevant evidence of any mental defect or treatment at a time probatively related to the time period about which he was attempting to testify." *United States v. Love*, 329 F.3d 981, 984 (8th Cir. 2003) (internal quotations and citations omitted). "[To] be relevant, the mental health records must evince an impairment of the witness's ability to comprehend, know, and correctly relate the truth." *Id*. (internal quotations and citations omitted). "Factors which district courts should consider before permitting such cross-examination include: 1) the nature of the psychological problems; 2) whether the witness suffered from the condition at the time of the events to which the witness will testify; 3) the temporal recency or remoteness of the condition." *Id*.  *See also Untied States v. Wipf*, 397 F.3d 677, 683 (8th Cir. 2005).  The court directs the government to produce the

records requested by defendant; however, the court will entertain a motion in limine to determine whether reference to these records should be exclude from trial.

### III.  DEFENDANT'S MOTION FOR DISCLOSURE

Defendant seeks disclosure of the existence and substance of promises of immunity, leniency, or preferential treatment.  In response, the government asserts that it disclosed the existence of the only agreement that would fall within the broadly defined terms of defendant's request by letter dated November 6, 2008.  Therefore, defendant's motion is denied as moot.

### IV.  GOVERNMENT'S MOTION TO STRIKE

The government moves to strike defendant's "Record of Government Concessions, Stipulations and Promises" (Doc. No. 19), which attaches a letter from the government to defense counsel.  The government states that the document makes no motion and seeks no relief from the court, but is "ostensibly a motion to compel the government to abide by the representations made in the letter attached to the pleading."

Defendant asserts that the government's characterization of the record as a motion is disingenuous, as the purpose of the record was counsel's experience with disputes that arise during trial over concessions, stipulations, and promises made by the government. Defendant states that the only authority cited by the government in support of their motion is an order entered by Chief Judge J. Leon Holmes in *United States v. Jewell*, Case No. 4:07CR00103-

01 JLH, 2008 WL 2954034 (E.D. Ark. July 29, 2008). Notably, many of the same arguments made here were made in *Jewell*.

The court finds the reasoning in Judge Holmes' opinion persuasive. The government's motion is granted. In the event these documents become relevant to an issue or motion, defendant will be permitted to make a record for appeal.

Accordingly, defendant's motion for bill of particulars (Doc. No. 16) is granted in part and denied in part. Defendant's motion to produce psychiatric evaluation of any government witness (Doc. No. 17) is granted. Defendant's motion for disclosure (Doc. No. 18) is denied as moot. The government's motion to strike (Doc. No. 32) is granted. Doc. No. 19 is stricken from the record.

Dated this 4th day of December, 2008.

_____
UNITED STATES DISTRICT JUDGE