IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA                                                              PLAINTIFF

vs.                                      NO. 4:08CR00213 BSM

GEFFREY ALAN YIELDING                                                                DEFENDANT

**ORDER**

Pending before the court is defendant's motion to strike Paragraph One of Count One of the Second Superseding Indictment. Defendant contends that the paragraph is impermissible surplusage and an incomplete recitation of 42 U.S.C.§ 1320(a)-7b(b)(2)(B).

Federal Rule of Criminal Procedure 7(d) provides that upon motion of the defendant the court may strike surplusage from the indictment. The motion should be granted "only where it is clear that the allegations contained therein are not relevant to the charge made or contain inflammatory and prejudicial matter." *United States v. Figueroa*, 900 F.2d 1211, 1218 (8th Cir. 1990) (quoting *Dranow v. United States*, 307 F.2d 545, 558 (8th Cir. 1962)).

Paragraph One of the Second Superceding Indictment is relevant in that it ssmmarizes the crime defendant is alleged to have committed. It accurately tracks the language of the antikickback statute . It is neither prejudicial or inflammatory.

The court is also not persuaded that the jury will impermissibly use the language of the indictment in lieu of the court's jury instructions. The jury will be instructed that an indictment is not evidence, but merely an accusation. Eighth Circuit Model Criminal Jury Instruction 1.01. Instead of the indictment, the jury will be provided instructions which set

out the elements of the offense.

 Accordingly, the motion to strike [Doc. No. 42] is denied.

. IT IS SO ORDERED this 14th day of April, 2009.

           _____
           UNITED STATES DISTRICT JUDGE