IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA                                            PLAINTIFF

vs.                              NO. 4:08CR00213 BSM

GEFFREY ALAN YIELDING                                               DEFENDANT

**ORDER**

On March 25, 2009, the court denied defendant's motion to declare a proffer agreement unenforceable and to suppress certain statements. The court denied defendant's request for a hearing, finding that defendant had failed to set forth detailed, specific facts in support of his request for an evidentiary hearing.[1]

Defendant has now filed a motion to make a record [Doc. No. 53], asking that the court consider the motion as proffer of evidence he would have tendered to the court had he been granted a hearing. The motion alleges, as a proffer, that during the interrogation defendant's freedom of movement was curtailed in a significant way by federal agents; that the agents' manner intimidated him; and that he was led to believe that he could not leave the premises without talking to the agents. The motion further alleges that during the interrogation defendant asked the agents if he needed an attorney and was advised by the agents that he did not. Defendant additionally claims that he was never advised by the agents that he was free to leave and that he did not have to answer their questions.

---

[1] Defendant appears to make much of the fact that the court issued its decision five business days after the government filed its response and before defendant could file a reply. There is no provision under the Federal Rules of Criminal Procedure for the filing of a reply.

With respect to the proffer agreement, defendant also seeks to offer as evidence that he was not sufficiently advised as to the implications of the proffer agreement with respect to statements he gave and the government's use of evidence to rebut his statements. He contends that he did not fully understand the significance of the waiver of his right to remain silent.

While the government disputes the substance and accuracy of defendant's proffered evidence, it does not object to the court's acceptance of the pleading as a proffer of what defendant would have attempted to offer at an evidentiary hearing had one been conducted.

Defendant continues to fail to present any specific, detailed facts in support of his request to suppress or to declare the proffer agreement unenforceable. Indeed, the motion is merely a recitation by defense counsel and unlike the case upon which defendant relies, does not contain an affidavit by defendant. The proffer is of limited value and does not provide a basis for the court to reconsider its March 25, 2009 order denying defendant's request for an evidentiary hearing. Nevertheless, the court will accept the motion as a proffer of evidence that defendant would have tendered to the court had he been granted a hearing on his motion.

Accordingly, the motion to make a record [Doc. No. 53] is granted to the extent set forth above.

IT IS SO ORDERED this 15th day of April, 2009.

_____
UNITED STATES DISTRICT JUDGE