IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA                                                                         PLAINTIFF

vs.                                              NO. 4:08CR00213 BSM

GEFFREY ALAN YIELDING                                                                           DEFENDANT

**ORDER**

Pending before the court is defendant's motion to dismiss Count One of the Second Superceding Indictment (Indictment) [Doc. No. 78]    Defendant contends that Count One is duplicitous, in that the Indictment "collapsed" into one count the eighteen checks which were paid to Jody Walls.  In the original indictment and the first superceding indictment, each check constituted a separate count.  He contends that Count I must be dismissed "[b]ecause there is no way to know whether a majority of the grand jury found that any one of the alleged payment inducements set forth in Count One of the indictment constituted an offense and there is no way to guarantee that the jury will find any one of the alleged payment inducements unanimously beyond a reasonable doubt . . ." (Doc. No. 78, p. 9).

"Duplicity is the joining in a single count of two or more distinct and separate offenses." *United States v. Nattier*, 127 F.3d 655, 657 (8th Cir. 1997) (internal quotations and citation omitted).  "The principal vice of a duplicitous indictment is that the jury may convict a defendant without unanimous agreement on the defendant's guilt with respect to a particular offense." *Id.*  The Eighth Circuit, in *Nattier,* held that even if a count is duplicitous, the risk inherent in that count can be cured by a limiting instruction requiring the jury to unanimously

find the defendant guilty of at least one distinct act. *Id.*

Although the court in *Nattier* explained how the dangers caused by duplicitous count in an indictment can be cured, the question in the present case is whether Count I of the Indictment herein is actually duplicitous. In *United States v. Davis*, 471 F.3d 783, 790 (7th Cir. 2006), the Seventh Circuit determined that an indictment is not "prejudicially duplicitous" where it "alleges a continuing course of conduct during a discrete period of time" (internal quotations and citation omitted). The Indictment in the present case is similar to the one in *Davis* in that it alleges a single count that was carried out on numerous occasions. *Id*. at 791.

Although, based on *Davis*, the court finds that the Indictment is not duplicitous, out of an abundance of caution a limiting instruction, as provided in *Nattier*, will be given. The parties are directed to provide a proposed limiting instruction such as that used in *Nattier*.

Defendant also argues that because Count One is duplicitous, it must be dismissed as barred by the statute of limitations. This motion is denied. "[A] superseding indictment filed while the original indictment is validly pending relates back to the time of the filing of the original indictment if it does not substantially broaden or amend the original charges." *United States v. Hance*, 501 F.3d 900, 905 (8th Cir. 2007) (internal quotations and citation omitted). There is no dispute that the Second Superceding Indictment was filed while the First Superceding Indictment was validly pending, which was filed while the original Indictment was validly pending. The Second Superceding Indictment did not broaden the charges, it actually narrowed them by dropping the mail fraud counts . In all the Indictments defendant was charged with aiding and abetting the making of illegal payments to Wall for the purpose

of inducing Wall to order products for which Kelly Yielding received commissions. The addition of another type of product did not materially broaden or amend the original charge, especially since the product was the subject of previous mail fraud charges.

Accordingly, defendant's motion to dismiss Count One of the Indictment [Doc. No. 78] is denied.

.	IT IS SO ORDERED this 24th day of April, 2009.

_____
UNITED STATES DISTRICT JUDGE