IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF

vs.                              NO. 4:08CR00213 BSM

GEFFREY ALAN YIELDING                                       DEFENDANT

## ORDER

Pending before the court are a number of motions filed by the government.  The court has considered the motions, responses, replies and applicable law and rules as follows:

I.    United States' Motion in Limine to Exclude Defense Counsel from Using, Disclosing, or Referencing the Mental Health Records of Witness A [Doc. No. 58]:

The government's motion to exclude reference to Witness A's mental health records is denied.  On December 4, 2008, the government was ordered to produce the psychiatric evaluation tests or reports of any government witness with a history of mental treatment, disorder or disease.  The government produced the mental health records of Witness A pursuant to a stipulation between the parties protecting personal health information.

The government requests that the court prohibit defense counsel from referencing the records and/or information contained in the records at trial and from admitting the records at trial.

A defendant has the right to attempt to challenge a witness's credibility with competent or relevant evidence of any mental defect or treatment at a time probatively related to the time period about which he was attempting to testify. However, to be relevant, the mental health records must evince an impairment of the witness's ability to comprehend, know, and correctly relate the truth. Factors which district courts should consider before permitting such cross-examination include: 1) the nature of the psychological problems; 2)

whether the witness suffered from the condition at the time of the events to which the witness will testify; 3) the temporal recency or remoteness of the condition.

*United States v. Love*, 329 F.3d 981, 984 (8th Cir. 2003) (internal quotations and citations omitted).

Whether Defendant's constitutional right to confront witnesses against him "can trump" an unqualified Arkansas privilege that protects the psychotherapist privilege "seems to be a function of the relative strength of the privilege and the nature of the constitutional right at stake." *Newton v. Kemna*, 345 F.3d 776,781 (8th Cir. 2004). There is not "a specific legal rule that answers whether a State's psychotherapist-patient privilege must yield to an accused's desire to use confidential information in defense of a criminal case." *Johnson v. Norris*, 537 F.2d 840, 846 (8th Cir. 2008) (finding that trial court's decision to deny defendant access to witness's psychotherapist records was not contrary to federal law).

The government has submitted the records for *in camera* review. Defense counsel also has the records.

Defense counsel will have ample opportunity to cross-examine Witness A regarding his credibility and his ability to competently recall and recount events. At this time, however, the court cannot determine whether Defendant should be precluded from referring to the records and the information contained in the mental health records. Therefore, the motion in limine as to Witness A's mental health records is denied.

II.    United States' Motion in Limine Requesting Permission to Use Defendant's Expunged
       Conviction in Cross-Examination of Defendant [Doc. No. 59]:

       The government's request to cross-examine Defendant regarding his expunged 1992

state court conviction is denied.  On May 6, 1992, defendant pled guilty in Pulaski County

Circuit Court to the fraudulent use of credit cards, burglary, and theft of property.  He was

sentenced to five years probation and ordered to pay a $250 and make full restitution.  The

conviction arose from two separate incidents.  In the first, Defendant made a false claim to

his insurance company for a boat he alleged was stolen but which he had actually sold to a

friend.   In the second incident, Defendant stole a number of items from a friend's home,

including two credit cards.

       On August 23, 1999, the Circuit Court of Pulaski County, Arkansas entered an order

expunging and sealing Defendant's conviction, pursuant to Ark. Code Ann. § 16-93-303. That

statute provides that  certain first time offenders may have their plea of guilty deferred

pending completion of probation.  *Id.*  Upon completion of probation, the matter is expunged

without entry of a guilty plea or conviction.  *See Harrell v. State*, 331 Ark. 232, 237 (1998).

The statute provides that "a Defendant is considered as not having a felony conviction except

for . . . (5) purposes of impeachment as a witness under Rule 609 of the Arkansas Rules of

Evidence."  *Id.*[1]

_____

[1]Ark. Code Ann. § 16-93-303 was amended in 2007 by Act 744 of 2007 to provide that
the defendant is considered to have a felony conviction for purposes of impeachment as a
witness.  Prior to this time, a plea of guilty under Ark. Code Ann. § 16-93-303 (also known as
Act 346) was not the equivalent of a conviction, and therefore a plea entered under Act 346 did
not constitute a prior conviction admissible under Rule 609.  *Harrell*, 331 Ark. at 237.  *See also*

The government seeks to introduce evidence of the conviction under Federal Rules of Evidence 609(c) and 608(b). F.R.E. 609(c) provides that evidence of a conviction is not admissible if the conviction has been the subject of a pardon, annulment, certificate of rehabilitation, or other equivalent procedure based on a finding of rehabilitation of the person convicted, . . . (2) the conviction has been the subject of a pardon, annulment, or other equivalent procedure based on a finding of innocence."

The government argues that the order of expungement contains no finding of rehabilitation or innocence, and therefore, defendant's prior conviction is admissible to cross-examine him.  Defendant counters that the conviction is not admissible under Rule 609(b) as it is more than 10 years old.  Rule 609(b) excepts the time limitation if the court finds, "in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect."

The government replies that the underlying facts of the conviction show a pattern of dishonesty and fraudulent conduct.  It contends that defendant's prior conviction involving lying to an insurer is probative of the conduct charged here, allegedly defrauding a public insurer, Medicare, and attempting to conceal it.

Federal Rule of Evidence 403 provides that relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or

---

*Rhodes v. State*, No. CACR 07-55, 2007 WL 3088242, *1 n. 1 (Ark. App. October 24, 2007) (noting change in statute).

needless presentation of cumulative evidence." "Evidence is unfairly prejudicial for purposes of Rule 403 when it would influence the jury to decide the case on an improper basis. In balancing the probative value and prejudicial effect, great deference is given to the district judge's determination, and express findings are not required." *King v. Ahrens*, 16 F.3d 265, 269 (8th Cir. 1994).

This motion is denied because the underlying guilty plea occurred more than 17 years ago and more than 10 years before the conduct charged in the indictment. Although the conduct at issue in the guilty plea is of the same character as the conduct that forms the basis of the indictment, it is too remote in time, and therefore its prejudicial effect outweighs its probative value. Therefore, the government's motion in limine [Doc. No. 59] requesting use of defendant's expunged conviction is denied.

III.     United States' Motion In Limine for an Order Admitting Certain Co-Conspirator Statements [Doc. No. 62]:

The government's motion to introduce the April 14, 2006 statement of Kelley Yielding is conditionally granted.[2]  In the statement, Yielding claims that she loaned Jody Wall money and that Wall was never an employee of ANI. The government argues that this statement was

---

[2] The government originally sought to introduce a second statement made on April 14, 2006, when after being confronted by agents with certain documentary evidence, Kelley Yielding admitted that the money she paid Wall was not a loan and that Defendant told her to write checks to Wall to help speed up orders. The government contended that the second statement is admissible under Federal Rule of Evidence 804(b)(3) as a statement against interest made by an unavailable declarant. In reply to Defendant's response, the government agreed with Defendant that the second statement implicated *Crawford v. Washington*, 541 U.S. 36 (2004), and withdrew its motion to admit it.

an attempt to conceal a conspiracy and is admissible as a statement of a co-conspirator under Federal Rule of Evidence 801(d)(2)(E).

Defendant argues that admission of the statement would violate the confrontation clause. In support of this argument, Defendant relies on *Crawford v Washington*, 541 U.S. 36 (2004), which held that the confrontation clause bars the admission of the testimonial statement of a witness who is absent from trial, unless the witness is unavailable to testify and the defendant had a prior opportunity to cross examine her. In response, the government argues that *Crawford* is inapplicable because statements of a co-conspirator are not testimonial. *See United States v. Reyes*, 362 F.3d 536, 540 n. 4 (8th Cir. 2004) (*Crawford* does not apply to co-conspirator statements because they are not testimonial). *Crawford* does not preclude admission of Kelley Yielding's statement.

In the alternative, Defendant argues that Yielding's statement was not made in the course and furtherance of a conspiracy. Statements made in furtherance of a conspiracy include efforts to conceal the conspiracy. *See United States v. Manfre*, 368 F.3d 832, 839 (8th Cir. 2004) ("A statement of a coconspirator which conceals the conspiracy without revealing any of the conspirators' illegal objectives from one who appears suspicious is in furtherance of the conspiracy and thus would be admissible under Rule 801(d)(2)(E).")

"Rule 801(d)(2)(E) of the Federal Rules of Evidence provides that a statement of a co-conspirator is admissible if the trial court determines by a preponderance of the evidence that 'the statement was made during the course and in furtherance of a conspiracy to which

the declarant and the defendant were parties.'" *United States v. McCracken*, 110 F.3d 535,

542 (quoting *United States v. Roulette*, 75 F.3d 418, 425 (8th Cir.1996)). Admission of

statements of a co-conspirator is governed by the procedure set forth in *United States v. Bell*,

573 F.2d 1040 (8th Cir. 1978).

> Pursuant to *Bell,* testimony as to an out-of-court statement of an alleged
> coconspirator may be conditionally admitted as a coconspirator statement,
> provided that the district court makes a determination at the end of the trial as
> to whether the government demonstrated by a preponderance of the evidence
> that (1) a conspiracy existed; (2) the defendant and the declarant were members
> of the conspiracy; and (3) the declaration was made during the course of and in
> furtherance of the conspiracy. If the district court finds that the government has
> failed to satisfy all three requirements, then the jury must be instructed to
> disregard the testimony, or a mistrial may be granted; otherwise, the testimony
> is deemed admitted.

*United States v. Engler*, 521 F.3d 965, 972-73 (8th Cir. 2008).

The government's motion in limine [Doc. No. 62] is conditionally granted upon

establishing the existence of a conspiracy pursuant to *Bell*.

IV.   The United States' Motion in Limine for Admission of Evidence Pursuant to Federal
      Rule of Evidence 404(b) [Doc. No. 63]:

The government seeks to admit evidence of certain bad acts under Federal Rule of

Evidence 404(b).  That Rule provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the
> character of a person in order to show action in conformity therewith. It may,
> however, be admissible for other purposes, such as proof of motive,
> opportunity, intent, preparation, plan, knowledge, identity, or absence of
> mistake or accident . . .

> "Evidence of prior bad acts is admissible when it is (1) relevant to a material issue; (2)

similar in kind and close in time to the crime charged; (3) supported by sufficient evidence; and (4) such that its probative value is not outweighed by any prejudicial impact." *United States v. Cvijanovich*, 556 F.3d 857, 864 (8th Cir. 2009) (internal quotation and citation omitted).  Evidence of bad acts "is admissible to prove knowledge and intent when a defendant places his state of mind at issue." *United States v. Ruiz-Estrada*, 312 F.3d 398, 403 (8th Cir. 2002) (evidence of prior drug conviction was material and relevant to prove defendant's knowledge of drugs and his intent to commit drug offenses, as well as relevant to rebut his "mere presence" defense).  *See United States v. Johnson,* 463 F.3d 803, 808 (8th Cir. 2006) (evidence of receipt of kickbacks admissible to refute defense of mistake); *United States v. Edelmann*, 458 F.3d 791, 810 (8th Cir. 2006) (evidence that defendant forged court order to get her husband's truck released admissible as 404(b) evidence of her intent to defraud corporations and individuals).  The use "of a limiting instruction diminishes the danger of any unfair prejudice arising from the admission of other acts."  *United States v. Franklin*, 250 F.3d 653, 659 (8th Cir. 2001).

Rule 404(b) "applies only to 'extrinsic' and not to 'intrinsic' evidence.  Evidence of other wrongful conduct is considered intrinsic when it is offered for the purpose of providing the context in which the charged crime occurred.  Such evidence is admitted because the other crime evidence completes the story or provides a total picture of the charged crime." *United States v. Johnson*, 463 F.3d at 808.

The government requests that the following be admitted as 404(b) evidence:

A.     <u>Defendant's Bonus Checks</u>

The government seeks to introduce evidence that Defendant directed that his bonus checks from his employer, Dr. Richard Jordan, were to be paid to Kelley Yielding and deposited into the account of Advanced Neurophysiology, Inc. ("ANI").  The evidence would further show that Yielding was the only authorized user of the account in question.  The government states that the checks were paid to Yielding at Defendant's request so that Defendant's income would not appear as large as it was to Defendant's ex-wife for purposes of calculating his child support obligations.

The government states that the evidence is admissible as intrinsic evidence as to the kickback allegations because it refutes Defendant's argument that he had no knowledge as to Yielding's company, ANI.  The government states that the evidence tends to prove that Defendant had knowledge of funds in the ANI account, that he benefitted in part from funds flowing through the ANI account, that he trusted Yielding enough that he requested that his compensation be paid to her, and that he had some control over the funds in the ANI account even though he did not have signature authority over the account.

In the alternative, the government argues that the evidence should be admitted under Rule 404(b) to show Defendant's knowledge and intent.

Defendant asserts that the evidence is not intrinsic, but is separate and discrete from the kickback scheme.  He further argues that it is not admissible under Rule 404(b) as it is not similar to the crime charged, i.e., paying kickbacks.

The government counters that it is not attempting to introduce the evidence to establish that Defendant was hiding money from his ex-wife but only to show that he trusted Yielding enough to have checks made out to her and that he had knowledge of and access to the funds in the ANI account where the bonus checks were deposited.

The evidence that Defendant's bonus checks were paid to Kelley Yielding and deposited into the ANI account is admissible as intrinsic evidence. Evidence, however, that Defendant was taking this action to hide his salary from his ex-wife is inadmissible.

B.     Defendant's Theft from Dr. Jordan and Repayment

The government's motion to introduce evidence that Defendant stole from Dr. Jordan and then repaid him is granted. The government wants to offer evidence in 1998, Defendant stole approximately $26,000 from his employer, Dr. Richard Jordan. According to the government, Defendant embezzled insurance payments from his employer and took steps to cover up the embezzlement. The government contends that Defendant's embezzlement of money from his employer is similar in motive and execution to the alleged kickback scheme and is material to Defendant's knowledge and intent.

The government argues that the evidence is also intrinsic as it sheds light on Defendant's relationship with Dr. Jordan. That Dr. Jordan would keep someone in his office who embezzled about $26,000 from him tends to prove that Dr. Jordan gave Yielding almost total control of the business side of his practice.

Defendant argues that the prior bad act, i.e., theft, is not similar to the charged conduct.

Intent necessary to commit theft or embezzle is, according to Defendant, far different from intent to obstruct justice or pay kickbacks.   Defendant further argues that the misconduct is too remote in time to satisfy admissibility under Rule 404(b).

The evidence of Defendant's theft from Dr. Jordan is relevant to  show intent, and having occurred only 5 years prior to the allegations in the Indictment is not too remote in time to be admissible.  Further, the probative value of the evidence outweighs its prejudicial effect, and any unfair prejudice can be cured by a limiting instruction.   Therefore, the evidence of Defendant's theft from Dr. Jordan is admissible under Rule 404(b).

C.      Defendant's Check Fraud on Medex

The government's motion to introduce evidence regarding Defendant's theft from Medex in 1994 and 1995 is granted.  Defendant was employed by Medex for approximately eighteen months when it was discovered that he had stolen $4000 from the company by taking a Medex check, and forging the owner's signature on it.  Yielding admitted to the conduct only when confronted with the forged check by his supervisor.  The government seeks to introduce this evidence to prove Defendant's knowledge of the business and intent.

Defendant counters that the theft is not similar to the charges in this case.  He also contends that the alleged fraud is too remote to meet the requirements of Rule 404(b).

The evidence of the Medex check fraud is admissible under Rule 404(b).  It is relevant to Defendant's knowledge and intent and is similar in kind to the crime charged.  Moreover, the probative value of the evidence outweighs its prejudicial effect, and any unfair prejudice

can be cured by a limiting instruction.

D.      Insurance Fraud and Credit Card Theft

The government's motion to introduce evidence underlying Defendant's 1992 guilty plea is denied for the reasons set forth in section II above.  The expunged criminal conviction for fraudulent use of credit cards, burglary, and theft of property is excluded.  Similarly, the evidence of the underlying conduct giving rise to the criminal conviction is excluded..

## CONCLUSION

Accordingly, the United States' motion in limine to exclude defense counsel from using, disclosing or referencing mental health records of Witness A [Doc. No. 58] is denied without prejudice to renew; the United States' motion in limine requesting permission to use Defendant's expunged conviction [Doc. No. 59] is denied; the United States' motion for an order admitting certain co-conspirator statements [Doc. No. 62] is conditionally granted; and the United States' motion in limine for admission of evidence pursuant to Federal Rule of Evidence 404(b) [Doc. No. 63] is granted in part and denied in part.

IT IS SO ORDERED this 24th day of April, 2009.

_____
UNITED STATES DISTRICT JUDGE